Harris Emran (State Bar No. 329674)
Kaitlin Martinez (Stare Bar No. 348006)
Emran Law Firm
415 Mission Street, 37th Floor
San Francisco, CA 94105
Tel: (415) 890-0041
harris@emranlaw.com
kaitlin@emranlaw.com

Attorneys for Plaintiff PVC Antenna, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PVC ANTENNA, INC. | Case No.: |
| Plaintiffs, | **PLAINTIFF PVC ANTENNA, INC.'S VERIFIED COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| TOP TECH, INC. and DOES 1-15 | |
| Defendants. | |

## I.      INTRODUCTION

1.      Plaintiff PVC Antenna, Inc. ("PVC") brings this action against Defendant Top Tech Audio, Inc. ("Top Tech") and Defendant DOES 1-15 for its repeated, willful, and egregious misappropriation of PVC's trademark related to television antenna products that optimize the reception of local live Ultra High Frequency (UHF) and Very High Frequency (VHF) digital television signals in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

2.      By this action, PVC asks this Court to: (a) preliminarily enjoin Top Tech from distributing, marketing or selling antennas bearing a confusingly similar imitation of PVC's trademark "No more cable bills"; (b) permanently enjoin Top Tech from distributing, marketing or selling antennas using or bearing a confusingly similar imitation of PVC's trademark "no more cable bills"; (c) award PVC monetary damages and to treble that award; (d) require Top Tech to disgorge

-1-

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

all profits from sales of the Infringing Antennas; and (e) award PVC punitive damages, attorneys' fees, and costs.

## II.   JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

4.     This Court has personal jurisdiction over Defendant because, upon information and belief, (a) in that the acts complained of herein occurred in the Eastern District of California, (b) Defendant is doing business in the State of California and in this judicial district and (c) Defendant has otherwise made or established contacts within the State of California sufficient to permit the exercise of personal jurisdiction.

5.     Venue is proper in this district under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III.   PARTIES

6.     Plaintiff PVC Antenna, Inc., is a California corporation with a principal place of business at 460 W. Larch Road, Suite 18, Tracy, California 95304.

7.     Defendant Top Tech Audio, Inc. is a New York corporation with a principal place of business at 28 Kennedy Blvd. East Brunswick, New Jersey 08816.

8.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1-15, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believe and based thereon allege, that each of the Defendants herein designated as a DOE, is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby. Plaintiff will amend this complaint and insert the true names and capacities of said DOE Defendants when the same has been ascertained.

## IV.   FACTUAL BACKGROUND

**PVC's Trademarked Phrase "No More Cable Bills"**

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

9.      PVC was founded in 2014 and has grown to become a trusted supplier to retailers across North America. PVC was founded and began operating in Tracy, California.

10.      In 2016 PVC's founder, Shafiq A. Naweed, invented his antenna, which optimizes the reception of local live UHF and VHF digital television signals enabling users to access local channels without additional cable fees (the "Antennas").

11.      Mr. Naweed additionally protected his product branding of "No More Cable Bills" with Trademark No. 5,155,420 (the "PVC Mark"). PVC is the exclusive assignee of the U.S. Trademarked phrase "no more cable bills" which was issued a U.S. Trademark designation on March 7, 2017.

12.      PVC ships an estimated 15,000 to 20,000 units of the trademarked product each month to customers and retailers across the United States including DD's Discounts, Ross Stores Inc., Burlington, and Amazons

13.      For nearly ten years, PVC has committed itself to becoming a tried-and-true brand with top quality products. Through its continued investments in innovation and customer satisfaction, PVC has expanded to six different innovative designs for television antennas that provide consumers high-definition television and channel across to consumers at a reasonable cost.

14.      The PVC Mark is in full force and effect and in which PVC's has exclusive rights A true and correct copy of federal trademark registration certificate for the PVC Mark are attached hereto as Exhibit A.

15.      The PVC Mark serves as a source-identifier for genuine PVC's products as a result of PVC's significant investment in time, energy, and money advertising, promoting, and selling merchandise featuring the PVC Mark, as well as ensuring the high quality of the products it sells which bear the PVC Mark.

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

**Licenses**

16.      To date, PVC has not licensed either the Asserted Design Trademark or the Asserted Trademark to any other party and remains the sole owner and exclusive licensee of the Asserted Trademark.

**Unlawful and Unfair Acts by Top Tech**

17.      On information and belief, DEFENDANT Top Tech imports, sells for importation, and/or sells after importation from China into the United States similar television antenna products that optimize the reception of local live Ultra High Frequency (UHF) and Very High Frequency (VHF) digital television signals.

18.      DEFENDANT has imported, distributed, promoted, offered for sale, and/or sold television antenna products that optimize the reception of local live Ultra High Frequency (UHF) and Very High Frequency (VHF) digital television signal using the PVC Mark without license, authority, or other permission from PVC to use the PVC Mark.

19.      In or around May 2022, PVC discovered that DEFENDANT was marketing, offering for sale and selling antennas identical to PVC's trademarked antenna. The infringing antennas were not manufactured, packaged, or approved for sale and/or distribution by PVC. Even though DEFENDANTS' infringing antennas are of inferior quality, they are visually identical to genuine PVC trademarked antennas. PLAINTIFF send DEFENDANTS a cease-and-desist letter dated May 10, 2022, a copy of which is attached hereto as Exhibit B.

20.      Nearly a year later, in or around February 2023, PLAINTIFF discovered DEFENDANTS now marketed, offered for sale, and sold antennas featuring antennas using PVC's Mark (the "Infringing Products").

21.      For comparison purposes, set forth below are images of Infringing Products as they were sold at a DDs Discount Store, alongside images of genuine PVC antennas bearing the PVC Mark.

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3




22.     At the time DEFENDANT chose to advertise and sell the Infringing Products, it was well aware of PVC's long-standing, exclusive rights in the PVC Mark and of PVC's objection to DEFENDANTS' sale of products bearing the PVC Mark.

23.     Indeed, in 2022, PVC sent a cease-and-desist letter to DEFENDANTS regarding its sale of several products identical to PVC's trademarked design, including the trademark of the Infringing Products.

24.     The Infringing Products, all of which bear blatant reproductions of the PVC Mark, were not manufactured, packaged, or approved for sale and/or distribution by PVC. DEFENDANT sold each of the Infringing Products despite having actual and specific knowledge of PVC's rights in PVC's Mark and of PVC's objection to DEFENDANTS' sale of products bearing unauthorized copies of the PVC Mark.

25.     DEFENDANTS' conduct is willful, intentional, and represents a conscious disregard for PVC's rights in the PVC Mark and a calculated decision to misappropriate the goodwill represented by the PVC Mark. Further, the fact that DEFENDANTS continued its unlawful conduct by selling the Infringing Products within months of receiving PVC's cease-and-

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

desist letter regarding the infringing trademarks demonstrates DEFENDANTS' intent to continue selling infringing merchandise without regard for PVC's intellectual property rights.

26.     DEFENDANTS' conduct is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Products are either affiliated with, endorsed or authorized by, or somehow connected to PVC, or that the Infringing Products sold and promoted by DEFENDANTS are genuine PVC products.

27.     The activities complained of herein have and continue to irreparably harm PVC and dilute the distinctive quality of the PVC Mark. Further, Defendants' egregious conduct makes this an exceptional case.

## V.     CAUSES OF ACTION
### FIRST CAUSE OF ACTION
For Trademark Infringement
(15 U.S.C. § 1114)
(Against All Defendants)

28.     PLAINTIFF incorporates by reference and reallege as if fully stated herein each and every allegation set forth above.

29.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

30.     The PVC Mark is a Class 9 federally registered mark for use with digital antennas for television. The PVC Mark's first use and use in commerce occurred in 2015.

31.     DEFENDANTS have used the PVC Mark in connection with the Infringing Products without PVC's consent or authorization. DEFENDANTS' use, including the importation, sale, offer for sale, and/or distribution of the Infringing Products in commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that DEFENDANTS' products emanate or originate from PVC, or that PVC has approved, sponsored, or otherwise associated itself with DEFENDANTS or their Infringing Products.

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

32.     Through the unauthorized use of the PVC Mark, DEFENDANTS are unfairly benefiting from and misappropriating PVC's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to PVC.

33.     At all relevant times, DEFENDANTS had actual and direct knowledge of PVC's prior use and ownership of the PVC Mark. Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the PVC Mark.

34.     DEFENDANTS' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. DEFENDANTS' acts have caused, and will continue to cause, irreparable injury to PVC. PVC has no adequate remedy at law and is thus damaged in an amount not yet determined.

**SECOND CAUSE OF ACTION**
For Unfair Competition and False Designation of Origin
(15 U.S.C. § 1125(a))
(Against All Defendants)

35.     PLAINTIFF incorporates by reference and reallege as if fully stated herein each and every allegation set forth above.

36.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS infringed the PVC Trademark by using the registered mark without authorization or license in the packaging, importation, marketing, and sale of Infringing Products throughout the United States.

37.     As herein alleged, DEFENDANTS' unauthorized use of the PVC Mark in connection with their packaging, importation, marketing, and sale of Infringing Products constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because DEFENDANTS' use of the mark suggests a false designation of the origin of the unauthorized Infringing Products. Further, such acts of infringement by DEFENDANTS further suggests a false association with PVC and/or that PVC approved of or authorized the use of the unauthorized packaged, imported, marketed and sale of Infringing Products by DEFENDANTS.

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

38.     At all relevant times, Defendants had actual and direct knowledge of PVC's prior use and ownership of the PVC Mark. Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the PVC Mark.

39.     Defendants' wrongful acts will continue unless enjoined by this Court. Defendants' acts have caused, and will continue to cause, irreparable injury to PVC. PVC has no adequate remedy at law and is thus damaged in an amount not yet determined.

40.     As a further direct and legal result of DEFENDANTS' actions, PVC has been damaged and will continue to sustain damage and is entitled to receive compensation arising from PVC's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial. In addition, PVC is entitled to disgorge DEFENDANTS' profits, and is entitled to interest and to his attorney's fees and costs in bringing this action, all in an amount to be proven at the time of Trial. PVC is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

**THIRD CAUSE OF ACTION**
For Trademark Dilution
(15 U.S.C. § 1125(c))
(Against All Defendants)

41.     PLAINTIFF incorporates by reference and reallege as if fully stated herein each and every allegation set forth above.

42.     PVC is the exclusive owner of the PVC Mark.  The PVC Mark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants began offering for sale, selling, and promoting Infringing Products bearing indistinguishable copies of the PVC Mark. The PVC Mark is famous because, among other things: the PVC Mark is the subject of valid and subsisting registrations under the Lanham Act.

43.     Long after the PVC Mark started to be used in commerce, Defendants, without authorization from PVC, used unauthorized reproductions, counterfeits, copies, and colorable imitations of the PVC.

-8-
**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

44.     Defendants' use of the PVC Mark dilutes and/or is likely to dilute the distinctive quality of the PVC Mark and to lessen the capacity of such mark to identify and distinguish PVC's goods. Defendants' unlawful use of the PVC Mark in connection with inferior, counterfeit goods is also likely to tarnish that trademark and cause blurring in the minds of consumers of the distinctiveness of the PVC Mark and its exclusive association with PVC, thereby lessening the value of the PVC Mark as a unique identifier of PVC and its products.

45.     At all relevant times, Defendants had actual and direct knowledge of PVC's prior use and ownership of the PVC Mark. Defendants' conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the PVC Mark.

46.     By the acts described above, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous PVC Mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

47.     Defendants' wrongful acts will continue unless enjoined by this Court. Defendants' acts have caused, and will continue to cause, irreparable injury to PVC. PVC has no adequate remedy at law and is thus damaged in an amount not yet determined.

## VI.     DEMAND FOR RELIEF

48.     PVC respectfully seeks relief for Top Tech's infringement and unfair acts of importation.

49.     A domestic industry as required by 19 U.S.C. § 1337(a)(2) and (3) exists in the U.S. relating to PVC's exploitation of the Asserted Trademark.

50.     On information and belief, Top Tech currently designs, uses, tests, manufactures, and imports into the United States, sells for importation into the United States, and/or sells certain antennas that optimizes the reception of local live UHF and VHF digital television signals in the United States after importation that directly infringe the Asserted Trademark.

51.     By this action, PVC seeks a limited exclusion order barring from entry into the United States infringing antennas that optimizes the reception of local live UHF and VHF digital

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

television signals, associated accessories such as coaxial cables, and components thereof, manufactured by or on behalf of, or imported by or on behalf of Top Tech.

52.     PVC also seeks a cease-and desist order prohibiting the sale for importation, sale after importation, distribution, offering for sale, promoting, marketing, advertising, testing, demonstrating, warehousing inventory for distribution, solicitation of sales, programming, repairing, maintaining, using, transferring, and other commercial activity relating to infringing antennas that optimizes the reception of local live UHF and VHF digital television signals and components thereof.

53.     PVC further seeks a bond upon Top Tech continuing to import infringing articles and consumer products containing the same, during the 60-day Presidential review period pursuant to 19 U.S.C. § 1337(j).

54.     For a judgment that Defendants:

        a.   Have violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

        b.   Have violated section 43(a) of the Lanham Act, 15 U.S.C. § 1125(s);

        c.   Have violated section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

55.     An injunction be issues enjoining and restraining DEFENDANTS, each of their agents, offices, servants, employees, and attorneys, from:

        a.   Using the PVC Mark or any other reproduction, counterfeit, copy or colorable imitation of the PVC Mark on or in connection with any goods or services; (ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure PVC's business reputation or dilute the distinctive quality of the PVC Mark, including through the continued importation, distribution, sale or offering for sale of counterfeit PVC products; (iii) Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the PVC Mark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products; (iv) Making any

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

statement or representation whatsoever, or using any false designation of
origin or false description, or performing any act, which can or is likely to
lead the trade or public, or individual members thereof, to believe that any
products manufactured, distributed, or sold by Defendants are in any
manner associated or connected with PVC, or are sold, manufactured,
licensed, sponsored, approved, or authorized by PVC; (v) Destroying,
altering, removing, or otherwise dealing with the unauthorized products or
any books or records which contain any information relating to the
importation, manufacture, production, distribution, circulation, sale,
marketing, offer for sale, advertising, promotion, rental or display of all
unauthorized products which infringe or dilute the PVC Mark; and (vi)
Effecting assignments or transfers, forming new entities or associations, or
utilizing any other device for the purpose of circumventing or otherwise
avoiding the prohibitions set forth in subparagraphs (i) through (v).

56.    For the entry of an order directing Defendant Top Tech, Inc. to deliver up for destruction to all PVC products, advertisements, promotional materials, and packaging in their possession or under their control bearing the PVC Mark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same pursuant to 15 U.S.C. § 1118;

57.    For an assessment of: (a) damages suffered by PVC, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (b) all illicit profits that Defendants derived while using counterfeits and/or infringements of the PVC Trademark, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (c) statutory damages, awarded to PVC pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendants have counterfeited and/or infringed, as well as attorneys' fees and costs; and (d) an award of PVC's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (f) punitive damages to the full extent available under the law; and

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

1    58.    For costs of suit, and for other such further relief as the Court shall deem

2  appropriate.

3                                              Respectfully submitted,

4

5  DATED: March 20, 2024                       EMRAN LAW FIRM

6

7

8  _____
                                               Harris Emran, Esq.
9                                              Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-
**VERIFIED COMPLAINT**

DECLARATION UNDER PENALTY OF PERJURY

I, Shafiq A. Naweed, a citizen of the United States and a resident of the state of California, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this _25_ day of February, 2024.

_____
Shafiq A. Naweed
(on behalf of Plaintiff PVC Antenna, Inc.)

-13-
**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

**EXHIBIT A**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



# CISLO & THOMAS LLP
*Attorneys at Law*

12100 WILSHIRE BOULEVARD
SUITE 1700
LOS ANGELES, CA 90025-7103
(310) 979-9190  FAX (310) 394-4477
WWW.CISLO.COM

**PROCUREMENT AND ENFORCEMENT**
**OF INTELLECTUAL PROPERTY**

**TORRANCE**
21515 HAWTHORNE BLVD.
SUITE 200
TORRANCE, CA 90503-6501
(310) 405-7425

**PASADENA**
1055 EAST COLORADO BLVD.
FIFTH FLOOR
PASADENA, CA 91106-2327
(626) 204-9206

**WESTLAKE VILLAGE**
2829 TOWNSGATE ROAD
SUITE 330
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164  FAX (805) 435-8446

**PATENT, TRADEMARK**
**COPYRIGHT & RELATED MATTERS**

**SANTA BARBARA**
7 WEST FIGUEROA STREET
THIRD FLOOR
SANTA BARBARA, CA 93101-5109
(805) 962-1515

**SAN DIEGO**
12636 HIGH BLUFF DRIVE
SUITE 400
SAN DIEGO, CA 92130-2071
(619) 481-5448

June 18, 2020

---

**CONFIDENTIAL**
ATTORNEY-CLIENT PRIVILEGE

---

Omar Naweed
PVC Antenna, Inc.
460 West Larch Rd., Ste. 18
Tracy, CA 95304

---

**VIA FEDEX AND ELECTRONIC MAIL**
EMAIL ADDRESS: omar@magicsticktv.com
Tracking No.: 770747746770

---

**Re:    Federal Trade Dress Registration for:**

**Our Ref. No.: 18-37439**

Dear Omar:

Congratulations, we are very pleased to be forwarding herewith the original Certificate of Registration No. **6,071,282**, which issued from the above-captioned application on **June 2, 2020**, and should be kept in your corporate files for safekeeping.

<u>Marking Requirement</u>

In future use of the goods to which this mark is applied, the statutory notice ® should be placed near the upper- or lower-right corner of the mark.  If you fail to properly include this notice on your marking materials, it is possible that any damages for infringement of the mark may not begin until you serve actual written notice of the registration to the infringer. The preferred practice, therefore, is to add the registration notice promptly and to make sure that it is always on all of your marketing materials and/or signage, including tags, labels, packaging, web pages, etc.

*QUALITY CLIENT CARE® SINCE 1979*

Omar Naweed
PVC Antenna, Inc.
June 18, 2020
Page 2

## Watch Services / Customs Recordation / Court Alert Service

If this mark is sufficiently important, you may wish to institute an annual watch service for those seeking to register the same or similar mark with the United States Patent and Trademark Office. The annual cost is approximately $450.00 - $550.00. You may also wish to institute a social media watch service which searches hundreds of social media websites. The annual cost is approximately $480. Additionally, we can also set up a service with various courts that will alert us immediately if a lawsuit is filed against you. If we do not hear from you, we will assume you are not interested in these services.

## Maintaining Trademark Registration

Please note that a Declaration of Use must be filed with the United States Patent and Trademark Office between the fifth and sixth years of the issuance of the registration in order to prevent the registration from being cancelled. Also please take note that this registration must be renewed by filing a renewal application between the ninth and tenth anniversaries of the issuance of the registration. While we have docketed these dates and will call them to your attention at the appropriate time as a courtesy, you should assume primary responsibility by calendaring these dates yourself. If you move, you should inform us of your new address in writing so that we can contact you in the future regarding this matter. We will also need to change your address information with the Patent and Trademark Office.

## Domain Name Issues

Now that the mark has been federally registered, the registration can be used to attack the domain name registration of a third party for the identical mark, regardless of the goods or services. If you are aware of any such third party domain name registration which you wish to contest, or if you merely wish to secure domain names related to this mark on the Internet, please contact us.

## Changes to Mark

You should advise us if the form of the mark changes so that we can determine if this registration covers the new form. In some cases, the change might be substantial enough to justify a new registration. Also, if use of the mark is extended to other goods or services, we should be consulted so that we can advise you on the need or desirability of seeking a new registration of the mark.

## Third Party Solicitations

The United States Patent and Trademark Office will be communicating with our firm directly. If you receive anything from a third party regarding your trademark registration please send it to us immediately. Do not send money to any third party as there are organizations that send out solicitations for money appearing to be from the Trademark Office.

CISLO & THOMAS
*Attorneys at Law*

Omar Naweed
PVC Antenna, Inc.
June 18, 2020
Page 3

### Assignments and Licensing

Please notify us immediately if you have licensed your product or service or have assigned the rights to the mark to another entity so that we may assist you with preparing the necessary documents for recording with the United States Patent and Trademark Office, United States Customs Authorities if applicable, or any foreign country where you have trademark rights.

Kindly acknowledge receipt of the enclosure by signing a copy of this letter and sending or faxing back to us at (310) 394-4477.

We are glad we were able to help you acquire this valuable intellectual property right. We would greatly appreciate any referral from any business associates as referrals are the lifeblood of a firm's practice. We greatly appreciate your help.

As always, please feel free to contact me if you have any questions or comments regarding this or any other matter.

Very truly yours,

CISLO & THOMAS LLP

Peter S. Veregge

PSV:tr:yc
Enclosure(s):
  Certificate of Trademark Registration
\\SRV-DB\TMDOCS\18-37439\Letter to Client Regarding Trademark Registration.DOC

Receipt of the above is hereby acknowledged this _____ day of _____, 2020
  DATE     MONTH

_____
Omar Naweed

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

# United States of America
## United States Patent and Trademark Office

**Reg. No. 6,071,282**

**Registered Jun. 02, 2020**

**Int. Cl.: 9**

**Trademark**

**Supplemental Register**

PVC Antenna Inc. (CALIFORNIA CORPORATION)
460 West Larch Rd., Suite 18
Tracy, CALIFORNIA 95304

CLASS 9: Antennas for television reception

FIRST USE 12-1-2015; IN COMMERCE 12-1-2015

The mark consists of a three-dimensional configuration of an antenna.

SER. NO. 88-100,752, FILED P.R. 08-31-2018; AM. S.R. 03-17-2020

Andrei Iancu

Director of the United States
Patent and Trademark Office

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- ***First Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- ***Second Filing Deadline:*** You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at h ttp://www.uspto.gov.**

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at http://www.uspto.gov.**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

**EXHIBIT B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-15-

**VERIFIED COMPLAINT**

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



# CISLO & THOMAS LLP
*Attorneys at Law*

PROCUREMENT AND ENFORCEMENT
OF INTELLECTUAL PROPERTY

TORRANCE
21515 HAWTHORNE BLVD.
SUITE 200
TORRANCE, CA 90503-6501
(310) 405-7425

PASADENA
1055 EAST COLORADO BLVD.
FIFTH FLOOR
PASADENA, CA 91106-2327
(626) 204-9206

12100 WILSHIRE BOULEVARD
SUITE 1700
LOS ANGELES, CA 90025-7103
(310) 979-9190  FAX (310) 394-4477
WWW.CISLO.COM

WESTLAKE VILLAGE
2829 TOWNSGATE ROAD
SUITE 330
WESTLAKE VILLAGE, CA 91361-3006
(805) 496-1164  FAX (805) 435-8446

PATENT, TRADEMARK
COPYRIGHT & RELATED MATTERS

SANTA BARBARA
7 WEST FIGUEROA STREET
THIRD FLOOR
SANTA BARBARA, CA 93101-5109
(805) 962-1515

SAN DIEGO
12636 HIGH BLUFF DRIVE
SUITE 400
SAN DIEGO, CA 92130-2071
(619) 481-5448

May 10, 2022

Abdo Balas, President
Top Tech Audio, Inc.
28 Kennedy Blvd.
East Brunswick, NJ  08816-1255

> **VIA EMAIL AND FIRST-CLASS MAIL**
> Email Address: info@toptechus.com

Abdo Balas
Registered Agent for Top Tech Audio, Inc.
85 5th Ave., Suite 31
Paterson, NJ 07524-1112

The Corporation
Registered Agent for Top Tech Audio, Inc.
1400 Avenue Z, Suite 501
Brooklyn, NY, 11235

**Re:  Infringement of U.S. Design Patent No. D863,270 By Top Tech Audio, Inc.
C&T Ref. No.: 22-45288**

Dear Abdo Balas:

Our firm represents PVC Antenna, Inc., in its intellectual property matters.  PVC Antenna is the source of MAGIC STICK TV antennas and the owner of U.S. Design Patent No. D863,270 ("the '270 patent").  A copy of this patent is attached hereto for your convenience.

PVC Antenna, Inc. has recently become aware that Top Tech Audio, Inc.  ("Top Tech") is selling antennas that fall within the scope of the claim of the '270 Patent.

Design patents are not limited to any particular size, so the fact that the Top Tech antenna is slightly larger than the commercial embodiment of the Magic Stick Antenna is of no importance in the infringement analysis, nor are the very minor design variations of the Top Tech antenna.  None of these change the analysis under the "ordinary observer" test.  A design patent is infringed if in the eye of an ordinary observer two designs are substantially the same,

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

CISLO & THOMAS LLP
Attorneys at Law

Top Tech Audio, Inc.
May 10, 2022
Page 2

such that the resemblance deceives such an observer, inducing him to purchase one supposing it to be the other.

The Top Tech antenna certainly meets the ordinary observer test with respect to the overall design. Compare the patent drawing to the Top Tech design and the similarities are undeniable.




Top Tech's manufacture, importation, distribution, use, and/or sale of this antenna constitutes patent infringement in violation of the Patent Act, 35 U.S.C. §§ 100 *et. seq.* and unfair competition in violation of California's Business & Professions Code, § 17200, for which Top Tech may be civilly liable. The remedies for violation of the Patent Act include injunctive relief (35 U.S.C. § 283), the recovery of damages, interest and costs (35 U.S.C. § 284), and attorneys' fees (35 U.S.C. § 285). Moreover, a court may treble the damages awarded in cases of willful infringement, (35 U.S.C. § 284).

In addition, in the case of design patents, the Patent Act provides the following additional remedy:

> Whoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sell or exposes for

CISLO & THOMAS LLP
*Attorneys at Law*

Top Tech Audio, Inc.
May 10, 2022
Page 3

    sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner *to the extent of his total profit*, but not less than $250, recoverable in any United States district court having jurisdiction of the parties.  (35 U.S.C. § 289) (emphasis added.)

    In addition to the patent infringement, Top Tech's packaging of the antenna has the look and feel of PVC Antenna's packaging, including the antenna on top of the round backing over the cabling, and the backing has the numerous television channels printed on it. The packages are the same size, and the overall impression is the same.  This gives rise to trade dress infringement, which is classically applied to package designs.



    This unauthorized use of our client's trade dress constitutes infringement of our client's valuable trademark rights, as well as possibly false advertisement and unfair competition in violation of federal law, including 15 United States Code, Sections 1125, *et seq.*, as well as state law, California Business & Professions Code, Sections 17200, *et seq.*, and common law.

    In the event of litigation, Top Tech could be liable for a reasonable royalty for the goods sold or PVC Antenna's lost profits.  For design patent infringement, PVC Antenna may also elect to recover Top Tech's profits for the accused products.  Additionally, enhanced or treble damages could also be awarded if the infringement is deemed by the Court to be willful, and Top Tech could also be required to pay PVC Antenna's attorneys' fees and costs.

    It is our client's policy to vigorously enforce its intellectual property rights, as such, PVC Antenna has authorized us to pursue all legal means to enforce its intellectual property and commercial rights against infringers.   Consequently, we intend to take whatever action is necessary to secure compliance with our client's rights, and we intend to seek the full amount of

Top Tech Audio, Inc.
May 10, 2022
Page 4

damages and injunctive relief afforded under the law.  You should be aware that a typical patent infringement suit can cost upwards of $350,000 through discovery and more than $600,000 if it proceeds through a full trial on the merits.

In view of the above, PVC Antenna demands that Top Tech immediately:

1.  Cease and desist from all advertising, public display, making, distributing, using, selling, importing, and offering to sell the accused packaging and/or products;

2.  Provide us with the identity of each individual and entity that provided your company with the accused packaging and/or products, including the contact name, company name, address, telephone number, facsimile number, and e-mail address of each; and

3.  Provide us with an accounting, supported by documentary evidence, for each product sold, that your company has sold in the past four years, has in inventory, and has on order from your manufacturer or supplier, including the amount of revenue and profits you generated through sales of these products.

PVC Antenna would like to settle this matter without having to commence legal action.  As such, provide us with written confirmation **within fourteen (14) days** of your receipt of this letter, that Top Tech will comply with the demands made herein.  Otherwise, PVC Antenna may have no choice but to file suit against your company shortly thereafter in the United States District Court for the Central District of California to enforce its rights and remedy the harm attributable to your company's actions.

Nothing in this letter constitutes a waiver of any of our client's rights in law or in equity, all of which are expressly reserved, including the right to expand upon allegations herein based on further investigation.

As we believe this is a serious matter, we make ourselves available to answer any questions you may.  Even so, we cannot give legal advice to you as we represent PVC Antenna.  We suggest that Top Tech consult with its own counsel.

Very truly yours,
CISLO & THOMAS LLP

Peter S. Veregge

PSV:tz
Enclosure:
        U.S. Patent No. D863,270
\\SRV-SQL\TMDocs\17-32463\Cease & Desist Letter to Top Tech.docx

US00D863270S

(12) **United States Design Patent**
Naweed

(10) Patent No.: **US D863,270 S**
(45) Date of Patent: ** **Oct. 15, 2019**

(54) **ANTENNA**

(71) Applicant: **PVC Antenna, Inc.**, Tracy, CA (US)

(72) Inventor: **Shafiq A. Naweed**, Tracy, CA (US)

(73) Assignee: **PVC ANTENNA, INC.**, Tracy, CA (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/668,579**

(22) Filed: **Oct. 31, 2018**

(51) LOC (12) Cl. ............................................... **14-03**
(52) **U.S. Cl.**
USPC ........................................ **D14/230**; D14/233
(58) **Field of Classification Search**
USPC ......... D14/138, 230–238, 299, 358; D12/42, D12/43
CPC .......... H01Q 7/00; H01Q 13/10; H01Q 9/285; H01Q 19/30; H01Q 19/12; H01Q 1/38; H01Q 1/36; H01Q 2/0027; H01Q 1/48; H01Q 9/045; H01Q 1/243; H04B 1/0475; H04B 1/034; H05K 11/00
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 2,031,002 A | 2/1936 | Moore |
| D112,523 S | 1/1938 | Guggenheim |
| D110,199 S | 6/1938 | Stimps |
| 2,419,552 A | 4/1947 | Himmel et al. |
| D152,990 S | 3/1949 | Leonard |
| D155,113 S | 9/1949 | Trebules |
| D156,379 S | 12/1949 | Spirt |
| D158,233 S | 4/1950 | Trowbridge |
| D158,697 S | 5/1950 | Spector |
| 2,521,798 A | 9/1950 | Leonard |
| 2,608,657 A | 8/1952 | Spirt et al. |
| D194,748 S | 3/1963 | Rogers |
| 3,335,420 A | 8/1967 | Silliman |
| D219,106 S | 11/1970 | Greene |

| | | |
|---|---|---|
| D227,676 S | 7/1973 | Okada |
| D232,844 S | 9/1974 | Feit |
| D239,774 S | 5/1976 | Kuldin |
| D242,863 S | 12/1976 | Middlemark |
| D321,884 S | 11/1991 | Barrett |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CA | 2660552 | 2/2008 |

OTHER PUBLICATIONS

Magic Stick TV, https://www.magicsticktv.com/.

*Primary Examiner* — John Windmuller
(74) *Attorney, Agent, or Firm* — Cislo & Thomas, LLP

(57) **CLAIM**

The ornamental design for an antenna, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of an antenna showing a first embodiment of my new design;
FIG. **2** is a top view thereof;
FIG. **3** is a bottom view thereof;
FIG. **4** is a right side view thereof;
FIG. **5** is a left side view thereof;
FIG. **6** is a front view thereof;
FIG. **7** is a back view thereof;
FIG. **8** is a perspective view of an antenna showing a second embodiment of my new design;
FIG. **9** is a top view thereof;
FIG. **10** is a bottom view thereof;
FIG. **11** is a right side view thereof;
FIG. **12** is a left side view thereof;
FIG. **13** is a front view thereof; and,
FIG. **14** is a back view thereof.
The broken lines in the figures form no part of the claimed design.

**1 Claim, 12 Drawing Sheets**



## US D863,270 S

Page 2

(56)  **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,111,212 A | | 5/1992 | DeSatnick et al. |
| 5,168,279 A | | 12/1992 | Knight |
| 5,198,829 A | | 3/1993 | Marshall |
| D356,314 S | | 3/1995 | Rich et al. |
| D367,063 S | | 2/1996 | Fillion-Robin |
| D367,655 S | | 3/1996 | Rak |
| 5,684,493 A | * | 11/1997 | Floyd ...................... H01Q 1/02 |
| | | | 343/709 |
| D390,566 S | | 2/1998 | Martek et al. |
| D391,261 S | | 2/1998 | Harada et al. |
| D413,892 S | | 9/1999 | Lasater |
| D419,159 S | | 1/2000 | Davi et al. |
| D427,996 S | | 7/2000 | Heiligenstein et al. |
| 6,204,824 B1 | | 3/2001 | Davi et al. |
| D441,356 S | * | 5/2001 | Webb ...................... 343/702 |
| D465,168 S | | 11/2002 | Bowlds |
| D469,082 S | | 1/2003 | Moles |
| D470,837 S | | 2/2003 | Tourres |
| D491,170 S | | 6/2004 | Wang |
| D491,926 S | * | 6/2004 | Tai ...................... D14/230 |
| D491,927 S | * | 6/2004 | Tai ...................... D14/230 |
| D501,201 S | * | 1/2005 | Chiang ...................... D14/230 |
| D506,749 S | | 6/2005 | Sullivan et al. |
| D506,995 S | | 7/2005 | Wilson |
| D521,988 S | * | 5/2006 | Green ...................... D14/233 |
| 7,064,729 B2 | | 6/2006 | Olson |
| D528,105 S | * | 9/2006 | Green ...................... D14/230 |
| D532,412 S | | 11/2006 | Yang |
| D534,163 S | * | 12/2006 | Yun ...................... D14/230 |

| | | | |
|---|---|---|---|
| D558,190 S | * | 12/2007 | Cislo ...................... D14/230 |
| D561,744 S | | 2/2008 | Whiteside et al. |
| D561,745 S | * | 2/2008 | Green ...................... D14/233 |
| D585,435 S | * | 1/2009 | Wafer ...................... D14/230 |
| D604,277 S | | 11/2009 | Benedetti |
| D615,962 S | | 5/2010 | Lee et al. |
| D643,025 S | * | 8/2011 | Podduturi ...................... D14/230 |
| 8,081,132 B2 | | 12/2011 | Su |
| D652,026 S | | 1/2012 | Yukimoto et al. |
| D652,027 S | | 1/2012 | Hernandez et al. |
| D696,231 S | | 12/2013 | Konishi |
| D710,834 S | * | 8/2014 | Jeon ...................... D14/230 |
| D711,358 S | * | 8/2014 | Jeon ...................... D14/230 |
| D738,868 S | | 9/2015 | Scott et al. |
| D748,079 S | * | 1/2016 | Dinsdale ...................... D14/230 |
| D773,866 S | | 12/2016 | Hogberg |
| D787,482 S | | 5/2017 | Jang et al. |
| D791,746 S | | 7/2017 | Blouch et al. |
| D793,347 S | * | 8/2017 | Nostrant ...................... D13/158 |
| D794,558 S | * | 8/2017 | Zhou ...................... D13/108 |
| D813,210 S | | 3/2018 | Benedetti |
| D815,074 S | | 4/2018 | Naweed |
| 2008/0111761 A1 | | 5/2008 | Kan et al. |
| 2009/0073949 A1 | * | 3/2009 | Malak ................ H01Q 1/007 |
| | | | 370/339 |
| 2009/0122400 A1 | | 5/2009 | Adams et al. |
| 2010/0214188 A1 | | 8/2010 | Furutani et al. |
| 2010/0289716 A1 | | 11/2010 | Lenzi et al. |
| 2012/0274530 A1 | | 11/2012 | Mimemura et al. |
| 2015/0002356 A1 | * | 1/2015 | Urbasic ................ H01Q 21/29 |
| | | | 343/832 |

* cited by examiner



Fig. 1

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

Case 2:24-cv-00904-AC   Document 1   Filed 03/21/24   Page 28 of 38



Fig. 2

Fig. 3

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



Fig. 4

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3

**U.S. Patent**      Oct. 15, 2019      Sheet 4 of 12      **US D863,270 S**



Fig. 5

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



Fig. 6



Fig. 7

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



Fig. 8

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



Fig. 9

Fig. 10



Fig. 11



Fig. 12

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



Fig. 13

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3



Fig. 14

Doc ID: 575ebd30ac10568056928c0551703b3ef511f1d3